

CELIA M. RUIZ, SBN 87671
DAVID E. LYON, SBN 133065
OK-HEE SHIM, SBN 240998
RUIZ & SPEROW, LLP
2000 Powell Street, Suite 1655
Emeryville, CA 94608
Telephone: 510-594-7980
Fax: 510-594-7988

Attorneys for Plaintiff
SAN RAFAEL CITY SCHOOLS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN RAFAEL CITY SCHOOLS | Case No.C07-04702 WHA<br>Related Case No. C07-5751 WHA |
| Plaintiff, | |
| v. | MOTION FOR ADMINISTRATIVE RELIEF<br>FOR COORDINATION AND<br>CLARIFICATION OF BRIEFING |
| OFFICE OF ADMINISTRATIVE HEARINGS, | SCHEDULE (Local Rules 7.11, 6.3) |
| Defendant. | Date:   December 5, 2007<br>Location:    Courtroom 9<br>Judge:  The Honorable William H. Alsup |
| Related Case: | |
| T.M., a minor, | |
| Plaintiff, | |
| v. | |
| SAN RAFAEL CITY SCHOOLS, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff San Rafael City Schools ("the District") brings this motion for administrative relief per Local Rule 7.1. to (1) set a coordinated briefing schedule for this matter ("District's appeal"), and for the related case of *T.M. v. San Rafael City Schools*, Case No. C07-5751 WHA ("Real Party's appeal"); or alternatively (2) to clarify that the 30-day period for filing a summary judgment motion is triggered when all the documents to be served with Real Party's Answer were properly served.

## II.  **DISCUSSION**

This Court recently ordered Real Party's appeal be deemed related to the District's appeal, and be reassigned to this Court.  These two appeals are cross-appeals of the same administrative decision of the California Office of Administrative Hearings, Special Education Division, dated August 13, 2007, *In the matter of Student v. San Rafael City Schools*, No. N200705067 ("Administrative Decision"), on a due process complaint raising issues under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, and enacting California statutes, Education Code Sections 56000, *et seq.* Declaration of David E. Lyon In Support of Ex Parte Motion, etc. ("Lyon Decl."), at ¶ 2.  Despite their related status, however, inconsistencies remain between the treatment of the cross-appeals regarding briefing schedule, and other scheduling matters, specifically including referral to the Court's alternative dispute resolution ("ADR") program.   The District brings this motion for administrative relief to request that the cross-appeals be coordinated, including placement on the same briefing schedule, and that this entire matter be referred to the Court's ADR referral process.[1]

If the Court does not set a coordinated briefing schedule, the District requests clarification by the court as to the due date of the District's motion for summary judgment.  The court's scheduling order provides that the District's brief is due 30 days from the filing of Real Party's answer, but also ordered Real Party to serve a certified copy of the administrative record with the answer.  Real Party's service of the administrative record 9 days after service of his answer creates uncertainty as to the due date for the District's brief.  The District requests that the court affirm the 30 day period only begins to run on proper service of the Answer, which was only complete when the administrative record ordered to accompany it was also served.

The District brings this motion for administrative relief pursuant to Local Rule 7-11, as it concerns a scheduling issue which does not appear otherwise governed by the rules, or alternatively,

---

[1]     In addition, prior to receipt of any pleadings in this matter from Real Party, the District set for hearing on December 20, 2007 a motion to return this matter to the ADR referral process, and to extend the briefing schedule in order to allow for that mediation to proceed without the incurrence of substantial attorneys' fees in preparing its motion for summary judgment.  That motion remains on calendar, but might be mooted by an order of coordination.

1  as motion to enlarge time, pursuant to Local Rule 6-3, if it were to be so interpreted. In either event,

2  it would be appropriate to resolve these issues now as the 35 day notice period for a regularly noticed

3  motion would likely provide relief too late given the imminence of current deadlines.[2]

4  **A.    COORDINATION OF SCHEDULES**

5  An adjustment of the briefing scheduling is appropriate in this matter, due to Real Party's filing

6  of a cross-appeal, and this Court's order of November 30, 2007, deeming Real Party's action a related

7  matter. As a general matter, both appeals address the issue as to whether the special and general

8  education services provided by the District to Real Party fulfilled the District's obligations, both

9  substantively and procedurally, to provide an educational program reasonably calculated to give

10  educational benefit to Real Party. Many of the same determinations in the Administrative Decision

11  are challenged by these cross-appeals, specifically the extent to which Real Party is entitled to

12  reimbursement for his unilateral private placement, as well as tutoring services. Analysis of the issues

13  in both appeals will require review of the same administrative record and the same Administrative

14  Decision, specifically including the transcript of the six-day due process hearing in this matter.

15  It will be most efficient for the parties and for this Court to consider these cross-appeals of the

16  same decision at the same time. *Seriatim* consideration of these appeals will likely lead to revisiting

17  the identical or closely related issues at different times. *Seriatim* consideration also increases the

18  difficulty of fully and consistently a determination regarding the parties' cross- appeals, and could

19  lead to inconsistent determinations. Finally, *seriatim* consideration violates the strong public policy

20  against "piecemeal" resolution of appeals. *E.g., Stanley v. Woodford*, 449 F.3d 1060, 1064 (9th Cir.

21  2006) (noting policy against piecemeal resolution of appeals); *AmerisourceBergen Corp. v. Dialysist*

22  *West, Inc.* 465 F.3d 946, 949 (9th Cir. 2006) (same).

23  It would also be more equitable to have these cross-appeals placed upon the same briefing

24  schedule. The current briefing schedule is defined by this Court's Order of October 1, 2007,

25

26

---

[2]    Given completion of service of the answer with the administrative record on December

27  5, 2007, the District's motion for summary judgment is due January 4, 2008 under the current
scheduling order. Alternatively, Real Party appears to contend that the District's motion is due

28  30 days from his service of the answer alone on November 26, 2007, or December 26, 2007.

*Procedural Order in Actions for Review On an Administrative Record* ("Scheduling Order"), a true and correct copy of which is attached as Exhibit 1 ("Lyon Decl."). Pursuant to the Scheduling Order, a special "administrative review" briefing schedule has been set for the District's appeal, which sets strict deadlines, and the appeal has been removed from this court's ADR program. Real Party's appeal, on the other hand, remains subject to a normal trial-matter calendar, with no specified briefing schedule. In addition, Real Party's appeal remains subject to the ADR referral process. Disparate treatment of these closely related cross-appeals is unjustified, and interferes with their proper resolution by this Court.

In addition, the disparate schedules for these two cross-appeals is inequitable. The District only received Real Party's appeal on November 26, 2007. Real Party, on the other hand, had the benefit of having the District's appeal in hand since September 12, 2007, ten weeks before filing its own cross-appeal. Moreover, Real Party is under no constraints at all regarding when or even whether he must file a motion for summary judgment, even though he has possessed the hearing transcript since October 26, 2007, a month before lodging it with the Court.

The District respectfully suggests that each party's cross-motion for summary judgment, and responsive pleadings be filed simultaneously, pursuant to a schedule to be determined by the Court. Such a coordinated schedule will not delay resolution of this matter, given that the District's answer is not currently due until January 26, 2008, there are no current fixed deadlines at all for determination of Real Party's overlapping cross-appeal, and since the cross-appeals are only properly resolvable together, and not in a piecemeal fashion.

**B.    TOLLING OF 30-DAY PERIOD**

If the Court does not set a coordinated briefing schedule, the District requests that this Court clarify that the District's 30-day period for filing a summary judgment motion begin to run only when the District has been served with both the answer and the administrative record which those court ordered should accompany it. The Scheduling Order provides that:

> 1)    Defendant shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within ninety days of receipt of service of the summons and complaint.

2)  Plaintiff shall serve and file a motion for summary judgment or for remand within thirty days of service of defendant's answer.

Real Party contends that the District's motion is due 30 days from the date of the service of the Answer on November 26, 2007, despite his failure to serve the administrative record until 9 days later on December 4, 2007. *See* Email from Margaret Broussard to David Lyon dated December 4, 5:07 p.m., Exhibit 3 to Lyon Dec.; *see* Emails from David Lyon to Margaret Broussard, dated December 4, 2007, 2:25 p.m., and December 5, 2007, 9:15 a.m., Exhibit 3 to Lyon Dec. This 9 day delay is in violation of the court's scheduling order, and would work a substantial prejudice to the District which relied upon provision of the transcript from Real Party pursuant to the Court's order and the allocated 30 day period which was to follow. Lyon Dec. at ¶6.

## C.  DISTRICT EFFORTS TO MEET AND CONFER

After a protracted discussion, by letter and email, the Real Party agreed to serve the administrative record in this matter, although he insists the 30-day period still runs from service of his Answer alone. Emails between David Lyon and Margaret Broussard, dated December 4 and 5, 2007, attached as Exhibit 3 to Lyon Dec. The administrative record was served on the District on December 5, 2007 at approximately 11:30 a.m. Lyon Dec. at ¶5. The District also proposed a coordinated briefing schedule with Real Party. Real Party has refused to agree to any alteration of schedules. Letter from David Lyon to Margaret Broussard, dated December 3, 2007, Exhibit 2 to Lyon Dec.; Emails from Margaret Broussard to David Lyon, dated December 4, 2007, 11:42 a.m., Exhibit 3 to Lyon Dec.

## III.  CONCLUSION

For the foregoing reasons, the District's motion for administrative relief for coordination and clarification of briefing schedules should be granted..

Dated: December 5, 2007

Respectfully submitted,

RUIZ & SPEROW

By
David Lyon,
Attorneys for Plaintiff
SAN RAFAEL CITY SCHOOLS