

1  CELIA M. RUIZ, SBN 87671
   DAVID E. LYON, SBN 133065
2  OK-HEE SHIM, SBN 240998
   RUIZ & SPEROW, LLP
3  2000 Powell Street, Suite 1655
   Emeryville, CA 94608
4  Telephone: 510-594-7980
   Fax: 510-594-7988
5
   Attorneys for Plaintiff
6  SAN RAFAEL CITY SCHOOLS

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   SAN RAFAEL CITY SCHOOLS          )   Case No. C07-04702 WHA
11                                  )   Related Case No. C07-5751 WHA
                Plaintiff,          )
12                                  )
       v.                           )   DECLARATION OF SUSAN PALMER IN
13                                  )   SUPPORT OF MOTION FOR STAY AND
   OFFICE OF ADMINISTRATIVE HEARINGS,)   RELIEF FROM BOND REQUIREMENT
14                                  )
                                    )   Date: January 10, 2007
15              Defendants.         )   Time: 8 a.m.
                                    )   Location: Courtroom 9, 19th Floor
16 _____)   450 Golden Gate Avenue
                                    )   San Francisco, California 94102
17 T.M., a minor,                   )   Hon. William H. Alsup
                                    )
18              Plaintiff,          )
                                    )
19     v.                           )
                                    )
20 SAN RAFAEL CITY SCHOOLS,         )
                                    )
21              Defendant.          )

22
   I, Susan Palmer, hereby declare:
23
   1. I am the Director of Special Education for Plaintiff San Rafael City Schools ("the District"). I have
24
   held this position since July of 2006. I have over 35 years of experience in the field of special
25
   education.
26
   2. The following is known to me based upon personal knowledge or is based upon records prepared
27
   or maintained by the District in the normal course of their business. If called as a witness, I could and
28
   would competently testify thereto.

---

S:\CompanyData\WPDOCS\CLIENTS\91-94\Pldgs\Palmer Dec In Support Of Motion For Stay.wpd

3. The District faces irreparable injury in that once the payment of the monies awarded by the administrative decision underlying this matter is made to Real Party and his parents in interest recovery of that amount on reversal of the administrative hearing officer's decision would be cumbersome, expensive, and would likely result in a failure to recover the full amount of money paid due to the difficulty of collection and uncertainty regarding the financial status of Real Party and his parents.

4. Real Party will suffer no irreparable injury as the District continues to provide him FAPE, through provision of both special education services, determined through the IEP process, as well as small group and individualized service in the general education classroom. I have personally been involved in an IEP meeting to determine and provide appropriate services to Real Party, and the District is currently obtaining additional appraisals of him and further IEP's are planned to consider those appraisals and to evaluate his progress. The District is committed to providing Real Party a free and appropriate public education. The District is currently providing Real Party appropriate special education services, through new assessments and the IEP process.

5. Based upon my extensive experience in special education, which includes familiarity with the law governing reimbursement and the due process complaint process, I believe that the District is likely to prevail on its appeal due to the substantial legal and factual errors in the administrative decision, including but not limited to the following:

   a. The administrative decision misapplied the applicable two year statute of limitations and order relief for time barred claims.

   b. The administrative decision failed to apply the appropriate "reasonably calculated to provide educational benefit" standard to determine whether the District fulfilled its legal obligations.

   c. The administrative decision ignored the extensive, superlative individual and small group instruction the student was receiving in the regular education classroom.

   d. The administrative decision ignored the District's "least restrictive environment" requirements and the need to comparatively weigh the benefits of special education services with the remarkable individualized service in the general education environment.

   e. The administrative decision ignored the evidence that Real Party received substantial benefit from the program the District provided.

f. The administrative decision ignored the rule that FAPE does not require the meeting of any particular standard.

g. The administrative decision ignored the fact that Real Party made no better progress in his overpriced unilateral placement.

6. Through my work as Director of Special Education, I am involved in determining and am familiar with the funding available for the District's special education program. Based on that familiarity, I am confident that should the award to Real Party of somewhere between $10,000 and $29,000 be affirmed on appeal, that the District would be able to pay that judgment.

I hereby declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct and that this Declaration was executed on December 5, 2007 San Rafael, California.

*Susan Palmer* (signature)