```
CELIA M. RUIZ, SBN 87671
DAVID E. LYON, SBN 133065
OK-HEE SHIM, SBN 240998
RUIZ & SPEROW, LLP
2000 Powell Street, Suite 1655
Emeryville, CA 94608
Telephone: 510-594-7980
Fax: 510-594-7988

Attorneys for Plaintiff
SAN RAFAEL CITY SCHOOLS
```

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN RAFAEL CITY SCHOOLS<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>　　　　Defendants.<br><br>---<br>T.M., a minor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAN RAFAEL CITY SCHOOLS,<br><br>　　　　Defendant, | Case No. C07-04702 WHA<br>Related Case No. C07-5751 WHA<br><br>DECLARATION OF DAVID E. LYON IN SUPPORT OF MOTION FOR STAY OF ADMINISTRATIVE JUDGMENT AND FOR RELIEF FROM BOND REQUIREMENT; ALTERNATIVELY, MOTION TO SET AMOUNT OF BOND<br><br>Date: January 10, 2007<br>Time: 8 a.m.<br>Location: Courtroom 9, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>Hon. William H. Alsup |

I, David Lyon, hereby declare:

1. I am associated with the law firm of Ruiz & Sperow, counsel of record for Plaintiff San Rafael City Schools ("the District") in this matter. The following is known to me based upon personal knowledge or based on information and belief which I believe to be true and correct. If called as a witness, I could and would competently testify thereto.

2. This complaint constitutes an appeal, pursuant to 20 U.S.C. § 1415(i)(2)(A), constitutes an appeal of the decision (the "administrative decision") of the OFFICE OF ADMINISTRATIVE

HEARINGS ("OAH"), dated August 13, 2007, regarding the due process complaint brought by T.M. ("the student"), a special education student, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, and enacting California statutes, Education Code Sections 56000, *et seq.* A true and correct copy of the decision is attached hereto as Exhibit A.

2. The District faces irreparable injury in that once the payment of monies is made pursuant to the decision to Real Party and his parents, recovery of that amount on reversal of the administrative hearing officer's decision will be cumbersome, expensive, and would likely result in a failure to recover the full amount of money paid due to the difficulty of collection and uncertainty regarding the financial status of real party and his parents.

3. Conversely, Real Party will suffer no injury through grant of a stay of judgment without bond, as federal law explicitly allows for a stay of judgment as a matter of right through posting of a bond. Thus, the District can obtain a stay as a matter of right with a bond, and thus real party and his parents will suffer no comparative loss if the judgment is stayed without a bond in light of the District's public agency status, solvency, and permanent location in San Rafael.

4. Additionally, Real Party will suffer no irreparable injury as the District continues to provide him FAPE, through provision of both special education services, determined through the IEP process, as well as small group and individualized service in the general education classroom. I have personally attended two IEP meetings regarding the provision of services to Real Party were discussed, including his current performance and assessment results, as well as discussion regarding additional assessments and further IEP meetings.

5. In addition, Real Party will suffer no injury as the District will prevail on its appeal due to the substantial legal and factual errors in the administrative decision, including but not limited to the following:

    a. The administrative decision misapplied the applicable two year statute of limitations and order relief for time barred claims.

    b. The administrative decision failed to apply the appropriate "reasonably calculated to provide educational benefit" standard to determine whether the District fulfilled its obligations.

    c. The administrative decision ignored the extensive, superlative individual and small group

instruction the student was receiving in the regular education classroom.

 d. The administrative decision ignored the District's "least restrictive environment" requirements and the need to comparatively weigh the benefits of special education services with the remarkable individualized service in the general education environment.

 e. The administrative decision ignored the evidence that real party received substantial benefit from the program the District provided.

 f. The administrative decision ignored the rule that FAPE does not require the meeting of any particular standard.

 g. The administrative decision ignored the fact that real party made no better progress in his overpriced unilateral placement.

 I hereby declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct and that this Declaration was executed on December 5, 2007 in Emeryville, California.