```
CELIA M. RUIZ, SBN 87671
DAVID E. LYON, SBN 133065
OK-HEE SHIM, SBN 240998
RUIZ & SPEROW, LLP
2000 Powell Street, Suite 1655
Emeryville, CA 94608
Telephone: 510-594-7980
Fax: 510-594-7988

Attorneys for Plaintiff
SAN RAFAEL CITY SCHOOLS
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN RAFAEL CITY SCHOOLS,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>  Defendant. | Case No. C07-04702 WHA<br>Related Case No. C07-5751 WHA<br><br>NOTICE OF MOTION AND MOTION FOR STAY OF ADMINISTRATIVE JUDGMENT AND FOR RELIEF FROM BOND REQUIREMENT; ALTERNATIVELY, MOTION TO SET AMOUNT OF BOND |
| T.M., a minor,<br><br>  Plaintiff,<br><br>v.<br><br>SAN RAFAEL CITY SCHOOLS,<br><br>  Defendant. | Date: January 10, 2007<br>Time: 8:00 a.m.<br>Location: Courtroom 9, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>Judge: The Honorable William H. Alsup |

PLEASE TAKE NOTICE that on January 10, 2008, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States Court House for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff SAN RAFAEL CITY SCHOOLS (hereafter "the District") will move this Court for an order staying enforcement of the judgment of the Special Education Division of the California Office of Administrative Hearings ("OAH") in the matter of OAH Case No. N2007050679, *Student v. San Rafael City Schools*, pending

the disposition of this action brought by the District in appeal from that decision. In addition, the District will also move this Court for relief from any requirement to post bond.

Alternatively, the District will move the Court, pursuant to Federal Rule of Civil Procedure 62, to fix the amount of bond by which the District may automatically obtain a stay of the underlying administrative decision.

This motion is based on the fact that the decision should be stayed without bond because the complainant is a public school district against whom recovery of the relatively small amount at issue will pose no problem. Failure to stay the action will cause irreparable injury to the District, whereas Real Party will suffer no irreparable injury as the District is proceeding to provide him a free and appropriate public education. Finally, a stay would automatically ensue pursuant to Federal Rule of Civil Procedure 62, if bond were posted.

This motion will be based on this notice of motion and motion, the supporting memorandum of points and authorities, the Declaration of David E. Lyon, oral argument and any other material properly before this Court.

Dated: December 5, 2007

Respectfully submitted,

RUIZ & SPEROW, LLP

By: _____
DAVID E. LYON,
Attorneys for Plaintiff
SAN RAFAEL CITY SCHOOLS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff SAN RAFAEL CITY SCHOOLS (hereafter "the District") hereby submits its memorandum of points and authorities in support of its motion for stay of enforcement of the decision in *Student v. San Rafael City Schools*, California Office of Administrative Hearings ("OAH"), Special Education Division No. N2007050679 ("the decision").

### PROCEDURAL AND FACTUAL BACKGROUND

In this action, the District appeals the decision of the California Office of Administrative Hearings on the due process complaint of real party in interest, T.M.. ("real party"), brought under the Individuals with Educational Disabilities Act ("IDEA"), 20 U.S.C. §§1400, *et seq.*, and enacting

California legislation, California Education Code §§5600, *et seq.*

Real party filed his due process complaint on May 18, 2007, alleging that the District had failed to provide him a free and appropriate public education ("FAPE"), and thus seeking reimbursement for his parents' unilateral placement of him at a non-public school, as well as reimbursement and future payment for certain tutoring services.

Real party entered the District as a kindergarten student in the 2003-2004 school year, and in the Spring of that year, was first offered special education services for certain articulation problems. The following year, 2004-2005, in response to observations and concerns by his first grade teacher, real party was assessed and determined by the Individualized Education Plan ("IEP") team to suffer from a specific learning disability, related to difficulties he was having with language arts. In addition to the extensive, exemplary and individualized services real party was receiving in his general education classroom, the District offered him resource specialist services to assist him in language arts, in addition to his speech and language services. In his second grade year, 2005-2006, real party continued to received extensive, exemplary and individualized services in his general education classroom, as well as speech and language and resource specialist services. The resource specialist services were doubled in the Spring of his second grade year. Real party attend school in the District for approximately three weeks, when his parents unilaterally placed him in a non-public school. This placement occurred without notice to the District either at the prior IEP or prior to the removal itself.[1]

On August 13, 2007, the OAH hearing officer issued a decision in this matter. He held in favor of the District on 8 of the 13 issues raised by real party, and awarded Real Party 28% of his tuition for the non-public school and certain private tutoring fees, for a total sum of $10,668.48. The hearing officer also ordered the District "to provide 200 hours of Lindamood Bell services, to be completed before January 2008."[2] The parents had enrolled real party in a Lindamood-Bell training

---

[1] Real party has returned to the District and has been offered and is being provided extensive resource specialist services. Simultaneously, the District has prepared an assessment plan and is reassessing him, in light of his year's hiatus from attendance at a District school, with an intention to provide him those services appropriate to his current needs. Palmer Dec. at ¶ 4.

[2] "Lindamood Bell" refers to a particular reading curriculum which can be purchased by a school. It
(continued...)

one week before the IEP due process hearing was to begin, but for some reason, they did not have him complete the 200 hour program over the summer.[3] Accordingly, the decision thus orders payment of somewhere between $10,668.48 and $28,668.48 to real party.

## ARGUMENT

### I. THIS COURT SHOULD GRANT A STAY OF THE ORDERS TO PAY MONEY OR PROVIDE OTHER RELIEF TO REAL PARTY AND/OR HIS PARENTS.

The District seeks a stay of the OAH decision ordering payment of $10,000 as well as the provision of 200 hours of Lindamood-Bell services prior to January 2008.

The District seeks this relief for several reasons:

First, a failure to stay the decision would render the District's appeal moot. A decision on appeal is unlikely to be received prior to January 2008, and thus a failure to stay this action would mean that the required provision of specific services will have been completed. In addition, requiring the payment of money would compel the District to pursue a return of those funds should the District prevail on its appeal, which could prove difficult or impossible.

Second, a stay would work no undue hardship on the real party. Pursuant to its obligations under the IDEA, the District is currently providing IEP services to Real Party, as well as conducting new assessments and further IEP meetings to develop an appropriate program for real student. Palmer Dec. at ¶ 4; Lyon Dec. at ¶ 4.

The District's compliance with *ongoing* IDEA obligations was not at issue in the underlying action. Instead, the underlying act addressed alleged past failures and sought reimbursement for past tutoring. Indeed, the OAH decision constituted a reimbursement order, aside from approximately 30 hours of Lindamood-Bell training real party subsequently received. Nor was the Linda Mood Bell

---

[2] (...continued)
also can be used to refer to the private corporation which provides training in such curriculum.

[3] In response to the District's proposal for providing the 200 Lindamood-Bell hours through its own trained teachers, real party requested clarification as to whether the hearing officer had intended that the Lindamood Bell corporation or the District provide such training. The hearing officer only issued his clarification after the appeal was filed in this matter, and the OAH had lost jurisdiction, including any authority to modify its decision. Nevertheless, the hearing officer in his "clarification" indicated he intended for the District to reimburse real party for training from the corporation, in the order of an additional $18,000.

training critical to real party's success. Instead, current assessments indicate that real party appears to have received no real benefit at all from the Lindamood-Bell training.

Third, the District is likely to prevail on its appeal due to the substantial legal and factual errors in the administrative decision, including but not limited to the following:

    a.    The administrative decision misapplied the applicable two year statute of limitations and order relief for time barred claims.

    b.    The administrative decision failed to apply the appropriate "reasonably calculated to provide educational benefit" standard to determine whether the District.

    c.    The administrative decision ignored the extensive, superlative individual and small group instruction the student was receiving in his general education classroom.

    d.    The administrative decision ignored IDEA's "least restrictive environment" requirements and the need to comparatively weigh the benefits of special education services with the remarkable individualized service in the general education environment.

    e.    The administrative decision ignored the evidence that real party received substantial benefit from the program the District provided.

    f.    The administrative decision ignored the rule that FAPE does not require the meeting of any particular standard.

    g.    The administrative decision ignored the fact that real party made no better progress in his overpriced unilateral placement. Lyon Dec. at ¶5; Palmer Dec. at ¶5.

## II. THIS COURT SHOULD NOT REQUIRE A POSTING OF ANY BOND AS FUTURE ENFORCEMENT OF ANY ORDER AGAINST THIS PUBLIC SCHOOL DISTRICT WILL NOT POSE ANY ENFORCEMENT PROBLEMS.

The court has discretion to waive any requirement for the posting of a bond to obtain a stay of judgment on appeal. *Lightfoot v. Walker*, 797 F. 2d 505, 506 (7th Cir. (1986)); *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F. 2d 755, 760 (2nd Cir. 1980); *Frommert v. Conkright*, 472 F. Supp. 2d 452, 468 (W.D.N.Y. 2007); *DeKalb County Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006); *New Access Commc'ns. LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005).

Requiring a bond is not appropriate where the defendant's ability to pay the judgment is so

plain that the cost of the bond would be a waste of money. *See, e.g., Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *Avirgan v. Hull*, 125 F.R.D. 185 (S.D. Fla. 1989). Such a rule is commonly applied for the benefit of governmental entities, such as school districts. Thus, for example, in *DeKalb County School Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1376 -1377 (N.D. Ga. 2006), the district court stayed an administrative decision in a special education matter that ordered a payment by the school district of a $14,000 judgment, noting that no good faith argument could be made that the district would not be able to pay the judgment in the future. To similar effect, the Second Circuit in *Federal Prescription Service, supra,* held no bond was required where the total amount of the judgment was a small fraction of the financial worth of the appellant company, and the company had been in business for many years in the same location. 636 F. 2d at 761.

The same argument compels the same conclusion here. In this case, the amount of judgment is small – somewhere between $10,000 and $29,000 – and it is against the public school district for San Rafael, California. There is no threat that this public agency is going to disappear.[4] The Director of Special Education for the District has affirmed that based on her familiarity with the District's funding of special education programs, that the District should be able to pay any judgment in an amount between $10,000 to $29,000, if it is affirmed. Palmer Dec. at ¶ 6. As the posting of a bond would merely constitute a gratuitous expense to a public school district, no bond should be required here.

---

[4] If this Court should deny the request for a stay without bond, then the Court should proceed to determine the amount of bond required for the District to obtain its automatic stay pursuant to Federal Rule of Civil Procedure 62. The District submits that the bond amount should be in the amount of monetary payment ordered at the time the appeal was filed – $10,668.48.

NOTICE OF MOTION & MOTION FOR STAY
Case Nos. C07-04702 WHA/C07-5751 WHA                    6

## CONCLUSION

For the foregoing reasons, the District's motion for stay should be granted without requirement of a bond.

Dated: December 5, 2007

Respectfully Submitted,

RUIZ & SPEROW, LLP

By: _____
DAVID E. LYON
Attorneys for Plaintiff
SAN RAFAEL CITY SCHOOLS