Margaret M. Broussard (SBN 219251)
7909 Walerga Road,
Suite 112, PMB 1157
Antelope, CA 95843
tel (916) 722-2370
fax (916) 722-2801

Attorney for
T.M..

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN RAFAEL CITY SCHOOLS | CASE NO.C07-04702WHA<br>Related Case C07-5751 WHA |
| Plaintiff, | **PARTIAL OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FOR COORDINATION AND CLARIFICATION OF BRIEFING SCHEDULE** |
| v. | |
| OFFICE OF ADMINISTRATIVE HEARINGS<br>    Defendant, and | |
| T.M., a minor,<br>    Real Party in Interest. | |

The Plaintiff, SAN RAFAEL CITY SCHOOLS, has made n administrative motion to coordinate and clarify the briefing schedule. The Real Party In Interest, T.M., partially opposes the motion in this case. T.M. opposes the briefing schedule as set out by the Plaintiff, but does not oppose Plaintiff's request to set the deadline to submit his summary judgement motion 30 days after receipt of both the transcript and the answer in this case.

## DISCUSSION

This Court recently ordered that the two appeals of the administrative decision in this matter are related. The original case 3:07-04702 ("District's Appeal) has been ordered to proceed under Local Rule 16-5. While an administrative motion has been filed by T.M. to have

the second case 3:07-5751 (T.M.'s appeal) also proceed under Local Rule 16-5, there has been no ruling to date for that motion.

If T.M.'s appeal will also proceed under Local Rule 16-5, T.M. agrees that there is a need to clarify the briefing schedule in this case. Since the District has not yet submitted an answer to T.M.'s appeal, a briefing schedule with specific dates in the second case seems premature.

The District appeal seeks to overturn the entire decision. T.M's appeal seeks only review of the remedy ordered in the underlying administrative decision. The actual contents of the summary judgement motions will be quite different and require separate and distinct arguments. Therefore, we propose that the briefing schedule proceed as ordered in the District appeal and that the schedule in T.M.'s appeal proceed as under Local Rule 16-5. This way, both parties are given equitable time to complete their motions for summary judgement. Under Plaintiff's proposal, Plaintiff would be allowed many more weeks to complete their summary judgement motion than T.M., clearing placing T.M. at a disadvantage. There will be no prejudice to Plaintiff in allowing the staggering of due dates in this case, since all parties will have the same amount of time to complete their respective motions. Further, the Plaintiff is not incurring any ongoing costs relating to the appeals, since they have not paid the judgement.

If T.M.'s appeal is not ordered to proceed under Local Rule 16-5, there is no need for clarification, as the existing schedule remains viable.

As to when the 30 days for the District to submit his summary judgement motion began to run, T.M. will not oppose the motion to run the time as of the date the Plaintiff received both the copy of the transcript and the summary judgement motion, December 4, 2007. This would result in a due date of the summary judgement motion of January 4, 2008, assuming no changes made to the schedule.

**CONCLUSION**

Therefore, T.M. respectfully requests that the Plaintiff's motion to coordinate the briefing schedule be denied and does not oppose the District's motion to set the due date for the District's summary judgement motion as January 4, 2008.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | MARGARET M. BROUSSARD |
|   |   |
|   | Attorney for Real Party in Interest, T.M. |

Dated: December 10, 2007     By:     /s/
                                      Margaret M. Broussard