CELIA M. RUIZ, SBN 87671
DAVID E. LYON, SBN 133065
RUIZ & SPEROW, LLP
2000 Powell Street, Suite 1655
Emeryville, CA 94608
Telephone: 510-594-7980
Fax: 510-594-7988
Attorneys for Plaintiff/Cross-Defendant
SAN RAFAEL CITY SCHOOLS

MARGARET BROUSSARD, ESQ.
7909 Walerga Road, Suite 112, PMB 1157
Antelope, CA 95843
Telephone: 916-722-2370
Fax: 916-722-2801
Attorney for Real Party In Interest/Plaintiff
T.M.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN RAFAEL CITY SCHOOLS,<br><br>            Plaintiff,<br>v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>            Defendant.<br><br>T.M., a minor<br>            Real Party in Interest<br><br>_____<br><br>T.M., a minor,<br>            Plaintiff,<br>v.<br><br>SAN RAFAEL CITY SCHOOLS,<br><br>            Defendant, | Case No. C07-04702 WHA<br>Related Case No. C07-5751 WHA<br><br><br><br><br><br><br><br><br><br>JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT FOR<br>RELATED MATTERS<br><br>Date: December 20, 2007, 2007<br>Time: 8 a.m.<br>Location: Courtroom 9, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>Hon. William H. Alsup |

The parties jointly submit this Case Management Conference Statement and Proposed Order, which they request the Court to adopt as its Case Management Order in these related matters.

## DESCRIPTION OF THE CASE

1.    A.    Current Status:  Plaintiff and Cross-Defendant San Rafael City Schools (the

"District") filed and served its complaint ("the District's appeal") on September 12, 2007. Real Party and Cross-Plaintiff ("Real Party") filed his complaint ("Real Party's appeal") on November 13, 2007 and served it on November 26, 2007.

The District's appeal is subject to the court's scheduling order of October 1, 2007, issued pursuant to Local Rule 16-5, requiring it to file a motion for summary judgment on, or before, January 4, 2008.

Real Party's appeal is not currently subject to a special scheduling order.

B. Events Underlying the Action:

These two appeals are cross-appeals of the same administrative decision of the California Office of Administrative Hearings, Special Education Division, dated August 13, 2007, *In the matter of Student v. San Rafael City Schools*, No. N200705067 ("Administrative Decision"), on a due process complaint raising issues under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, and enacting California statutes, Education Code Sections 56000, *et seq.*

The Administrative Decision upheld some of Real Parties' claims and denied some of Real Party's claims, and granted a portion of Real Parties' claims for reimbursement.

The District contends that it fulfilled all of its obligations under the IDEA, and that Real Party is not entitled to the relief provided by the Administrative Decision, nor any other relief. Real Party contends that the District violated its obligations under the IDEA and that he is entitled to the relief provided by the Administrative Decision, as well as additional relief.

**FACTUAL AND LEGAL ISSUES IN DISPUTE**

2. Principal Factual Issues In Dispute:

A. The District's statement of principal factual issues in dispute:

i. Whether the District complied with the procedural requirements of the IDEA in evaluating and providing services to Real Party.

ii. Whether the District properly monitored, assessed, evaluated and provided educational services to Real Party.

iii. Whether and to what extent the services offered and/or provided to Real Party were reasonably calculated to provide him educational benefit.

iv. Whether and to what extent Real Party obtained educational benefit from the programs and services the District offered and provided to him.

v. Whether and to what extent Real Party obtained educational benefit from the programs and services offered and provided unilaterally chosen by Real Party's parents.

vi. The degree to which any possible reimbursement to Real Party should be denied or reduced due to the failure of Real Party's parents to provide a written ten day notice of unilateral placement.

vii. Whether Real Party's unilateral placement was proper or appropriate for him.

viii. The degree to which Real Party is entitled to reimbursement for any other unilaterally obtained educational services.

B. Real Party contends the statement of principal factual issues in dispute:

i. Did the District fail to offer/provide the Student with a free appropriate public education in the 2004-2005 school year from May 18, 2005 forward, including ESY, by:

    a. Committing procedural errors including, but not limited to specifying whether speech services would be push-in or pull-out;

    b. Failing to assess Travis in all areas of disability;

    c. Failing to offer appropriate placement and services which would have allowed Travis to receive educational benefit in the areas of reading, writing, spelling and math?

ii. Did the District fail to offer/provide Travis with FAPE in the 2005-2006 school year, including ESY, by:

    a. Committing procedural errors including, but not limited to: not holding a properly constituted IEP meeting within legal timelines;

    b. Failing to offer an appropriate placement and services which would have allowed Travis to receive educational benefit in the areas of reading, spelling and writing?

iii. Did the District fail to offer/provide Travis with a FAPE for the 2005-2007 school year, including ESY, by:

      a.    Committing procedural errors including, but not limited to, failing to inform the parents that they needed to give a written notice of unilateral placement, failing to insure that the regular education teacher was aware of the contents of the IEP and failing to convene an IEP meeting when the parents asked for one;

      b.    Failing to offer appropriate placement and services which would have allowed Travis to receive educational benefit in the areas of reading, spelling and writing.

3. <u>Principal Legal Issues In Dispute</u>:

A. The District's statement of principal legal issues in dispute:

    i.    The proper standard for review of the administrative decision.

    ii.    Whether, and if so, to what extent, Real Party's claims are barred by the statute of limitations

    iii.    Whether the District violated any procedural requirements of the IDEA, and if so, whether they are of sufficient gravity to provide grounds for relief to Real Party.

    iv.    Whether the District fulfilled its obligations under the IDEA to provide Real Party services which were reasonably calculated to provide him educational benefit.

    v.    Whether, and if so, to what extent, Real Party's failure to give the District ten day written notice of his parents' unilateral placement should bar or reduce his request for reimbursement for his placement at a private school.

    vi.    Whether Real Party's unilateral placement otherwise met the requirements under IDEA for reimbursement.

    vii.    Whether, and if so to what extent, Real Party is entitled to reimbursement for other tutoring services and related costs, unilaterally arranged by Real Party's parents

B. Real Party's statement of principal legal issues in dispute:

    i.    The proper standard of review of the administrative decision;

    ii.    The proper standard for reimbursement of a unilateral placement;

    iii.    To what extent the parents should be reimbursed for tuition and tutoring;

     iv.    To what extent the parents should be reimbursed for the LindaMood Bell Tutoring services.

### JOINT STATEMENT RE: OTHER ISSUES

4.    <u>Other Issues</u>:

A. The degree and extent to which these related matters are or should be governed by Local Rule 16-5, and related case management issues related to referral to the alternative dispute resolution process and briefing schedules.

B. Issues regarding the Record.

The administrative record served upon the District does not contain any of the documentary exhibits adduced at hearing by either party, and thus remains incomplete.

The District intends to move, pursuant to statute, for admission of certain evidence relating to Real party's disability and status, including recent assessments of him that were only created or obtained by the District after the administrative decision in this matter.

Real Party does not believe that it is proper or necessary to supplement the record in this matter.

C. Whether the nominal defendant in the District's action, the OAH, may be relieved from compliance with further orders and scheduling matters, unless specifically requested by the District, Real Party or the Court.

5.    <u>Service</u>: There is no dispute that all parties were served.

6.    <u>Additional Parties</u>: No party intends to join any additional parties in this action.

### ALTERNATIVE DISPUTE RESOLUTION

7.    <u>Assignment to A Magistrate Judge</u>: These two matters have been ordered related and both have been assigned to District Court Judge William H. Alsup.

8 & 9. <u>ADR Assignment</u>: The District and Real Party participated in brief mediation efforts through the California Office of Administrative Hearings prior to the due process hearing in this matter.

Pursuant to this court's scheduling order of October 1, 2007 for the District's action, the District's action was removed from referral to the ADR process. Real Party's appeal remains subject

to such referral.

The District is willing to participate in a settlement conference with a magistrate judge, another mediation, or other possible ADR procedures. To facilitate that process, the District has responded on December 17, 2007 with an appropriate settlement offer to Real Party's demand. The District believes that an ADR assignment is appropriate in this case, and has filed a motion for referral of this matter to the ADR process to be heard on this date.

Real Party in interest maintains that the appeals should proceed directly through the summary judgment process with no further delay. The district did not make any settlement offer until 12/17/07. The offer made was without appropriate specificity as to the terms. Further, since the parties continue to have to work together to determine current placement, a speedy resolution is imperative.

### INITIAL DISCLOSURES

10. The District's appeal has been removed from the initial disclosure requirement pursuant to this court's order of October 1, 2007.

Real Party's appeal remains subject to the initial disclosure requirement, which obligation has not yet arisen.

No initial disclosures have occurred.

### DISCOVERY PLAN AND RULE 26(f) REPORT

11. No discovery plan is in place.

### JOINT STATEMENT RE: PRETRIAL SCHEDULE

12. The anticipated motions for summary judgment will likely be dispositive of this matter. If triable issues remain after the rulings on the pending motions for summary judgment, the Parties suggest prompt setting of a trial date.

13. If trial is necessary, the Parties expect that it will be largely on the record of the underlying action, as supplemented by any additional submissions as approved by the court.

### SIGNATURE AND CERTIFICATION
### BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Local Rule 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed

the available dispute resolution options provided by the Court and private entities and has considered

whether this case may benefit from any of the available dispute resolution options.

Respectfully submitted,

Dated: December 18, 2007

RUIZ & SPEROW LLP

By: /s/ David E. Lyon
David E. Lyon, Esq.
Attorney for Plaintiff/Cross-Defendant
SAN RAFAEL CITY SCHOOLS

Dated: December __, 2007

Margaret Broussard, Esq.

By: [approved by email confirmation]

Margaret Broussard, Esq.
Attorney for Real Party in Interest/Cross-Plaintiff
T.M.

JOINT CASE MANAGEMENT STATEMENT
U.S.D.C. N.Ca. Case ## C07-04702 WHA/C07-5751 WHA

## ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

IT IS SO ORDERED.

DATED: December ___, 2007

_____
The Honorable William H. Alsup
United States District Judge

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2000 Powell Street, Suite 1655, Emeryville, California 94608. On December 18, 2007, I caused the following document(s) in U.S.D.C. N.Ca Case No. C07-5751 BZ/C07-4702 WHA, referred to as *T.M., a minor, etc. v. San Rafael City School District*, to be served by the method indicated below:

Joint Case Management Conference Statement for Related Matters

☐ by transmitting via facsimile on this date from fax number 510-594-7988 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Emeryville, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the person(s) at the email address(es) listed below.

Phoenix Vigil
OAH
Special Ed. Division
2349 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833-4231

Margaret Broussard
Law Offices
Suite 112, 7909 Walerga Road, PMB 1157
Antelope, CA 95843

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 18, 2007, at Emeryville, California.

_____
Gretchen Trupiano